UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULI K.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 2:19-cv-01113

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of her applications for disability insurance ("DIB") and supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred, and the ALJ's decision is reversed and remanded for further proceedings.

I.    ISSUES FOR REVIEW

1. Did the ALJ err in evaluating the medical opinion evidence?
2. Did the ALJ properly assess an opinion from a physician's assistant?
3. Was the ALJ was properly appointed pursuant to the Appointments Clause of the United States Constitution?

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

## II. BACKGROUND

On March 28, 2014, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of March 30, 2013. AR 202, 372-77, 378-79. Plaintiff amended her disability onset date to April 30, 2013, and amended it again to March 28, 2014. AR 63, 494. Plaintiff's applications were denied upon initial administrative review and on reconsideration. AR 202, 231-34, 245-49, 250-55. A hearing was held before Administrative Law Judge ("ALJ") Virginia Robinson on April 27, 2016. AR 57-111. On February 22, 2017, ALJ Robinson issued a written decision finding that Plaintiff was not disabled. AR 199-215.

On September 8, 2017, the Social Security Appeals Council granted Plaintiff's request for review and remanded the case for further proceedings, finding that the ALJ erred by not addressing an opinion from Margaret Cunningham, Ph.D. and not granting Plaintiff's request for an additional hearing. AR 223-27.

On March 15, 2018, ALJ Robinson held a new hearing. AR 112-36. On October 17, 2018, ALJ Robinson issued a written decision finding that Plaintiff was not disabled. AR 16-34. On May 25, 2019, the Appeals Council denied Plaintiff's request for review. AR 1-6.

Plaintiff seeks judicial review of the ALJ's October 17, 2018 decision. Dkt. 4.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.   DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of back disorder, right shoulder disorder, fibromyalgia, obesity, anxiety disorder, and affective disorder. AR 22. The ALJ also found that Plaintiff had a range of other non-severe and non-medically determinable impairments. *Id.*

Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 25. Relying on vocational expert ("VE") testimony, the ALJ found that although Plaintiff could not perform her past work, she could perform other light, unskilled jobs at step five of the sequential evaluation; therefore the ALJ determined at step five that Plaintiff was not disabled. AR 32-34, 132.

### A.   Whether the ALJ erred in evaluating the medical opinion evidence

Plaintiff maintains that the ALJ erred in evaluating opinion evidence from examining physicians Steven Johansen, Ph.D., Phyllis Sanchez, Ph.D., and Margaret Cunningham, M.D., each of whom evaluated Plaintiff for the Washington State Department of Social and Health Services ("DSHS"). Dkt. 15, pp. 8-12.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are

supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

On October 7, 2014, Dr. Johansen examined Plaintiff for DSHS. AR 714-18, 1252-56. Dr. Johansen's evaluation consisted of a clinical interview and a mental status examination. Based on the results of this evaluation, Dr. Johansen opined that Plaintiff would have a range of moderate and marked work-related mental limitations. AR 716-17, 1254-55.

On October 12, 2014, Dr. Sanchez reviewed Dr. Johansen's opinion for DSHS, and concurred with his opinion that Plaintiff had a range of moderate and marked limitations. AR 719-21.

On September 28, 2015, Dr. Cunningham examined Plaintiff for DSHS. AR 1257-67. Dr. Cunningham's evaluation consisted of a clinical interview, a mental status examination, and psychological testing. Based on this evaluation, Dr. Cunningham opined that Plaintiff would have a range of moderate, marked, and severe work-related mental limitations. AR 1260. Dr. Cunningham examined Plaintiff again on August 14, 2017, and assessed Plaintiff as having a range of moderate and marked limitations. AR 1301-07, 1353-62.

The ALJ assigned "little weight" to the opinions of Dr. Johansen, Dr. Sanchez, and Dr. Cunningham, reasoning that: (1) DSHS and the Social Security Administration use different standards for determining disability; (2) their opinions are vague concerning Plaintiff's precise limitations; and (3) their opinions are inconsistent with

Plaintiff's treatment history, which shows essentially routine and/or conservative mental health treatment. AR 31.

With respect to the ALJ's first reason, physicians preparing opinions for both DSHS and SSA routinely utilize terms such as "moderate" and "marked" when assessing a claimant's mental limitations, and these terms are clearly defined in SSA regulations and in the forms provided by DSHS. AR 716; 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.00(F)(2).

The ALJ is responsible for translating and incorporating clinical findings into a succinct residual functional capacity ("RFC"). *Rounds v Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Here, the ALJ was aware of how terms used to evaluate the severity of work-related limitations are defined in SSA and DSHS regulations, and was responsible for translating the limitations assessed by Dr. Johansen, Dr. Sanchez, and Dr. Cunningham into a succinct RFC. As such, the fact that DSHS and SSA utilize different standards for determining disability is not a specific and legitimate reason for discounting the opinions of Dr. Johansen, Dr. Sanchez, and Dr. Cunningham.

As for the ALJ's second reason, a finding that a physician's opinion is too vague to be useful in making a disability determination can serve as a specific and legitimate reason for discounting that opinion. *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (The better an explanation a source provides for a medical opinion, the more weight the Social Security Administration will give that opinion); *see Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (holding that statement that the plaintiff would have "decreased concentration skills" was too vague to be useful in the disability determination).

There is nothing vague about the opinions of Dr. Johansen, Dr. Sanchez, and Dr. Cunningham, all of whom assessed a range of specific, work-related limitations, utilizing terms such as "moderate", "marked", and "severe" which are well defined in DSHS regulations. AR 716-17, 720, 1254-55, 1260, 1304, 1356.

Regarding the ALJ's third reason, the ALJ has not cited any evidence consistent with her conclusion that Plaintiff underwent "essentially routine and/or conservative mental health treatment." AR 31. The Social Security Administration must set forth the reasoning behind its decisions in a way that allows for meaningful review, and the ALJ must build an accurate and logical bridge from the evidence to his or her conclusions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (An ALJ errs when he or she "merely states" that facts "point toward an adverse conclusion" yet "makes no effort to relate any of these" facts to "the specific medical opinions and findings he rejects.").

Accordingly, the ALJ has not provided specific and legitimate reasons for discounting the opinions of Dr. Johansen, Dr. Sanchez, and Dr. Cunningham.

B.  <u>Whether the ALJ erred in evaluating an opinion from a physician's assistant</u>

Plaintiff maintains that the ALJ erred in evaluating an opinion from physician's assistant Jeanine Godec. Dkt. 15, pp. 3-8.

When evaluating opinions from non-acceptable medical sources such as a physician's assistant, an ALJ may expressly disregard the opinions if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §§ 404.1502, 416.902.

Ms. Godec offered an opinion concerning Plaintiff's physical limitations on April 7, 2015. AR 842-44. Ms. Godec opined that Plaintiff could sit for 1 hour, and stand and/or walk between 1 and 2 hours in an 8-hour workday. AR 842. Ms. Godec further opined that Plaintiff could never lift or carry any weight, could utilize her arms, hands, and fingers for at most 10 percent of a workday, and would be absent from work more than 4 times a month due to her physical impairments. AR 843. Ms. Godec concluded that Plaintiff would be unable to work 8 hours a day, 5 days a week on a sustained basis. *Id.*

The ALJ gave "very limited weight" to Ms. Godec's opinion, reasoning that: (1) it was overly restrictive in light of the record as a whole; (2) it was conclusory, providing very little explanation of the evidence Ms. Godec relied upon in forming her opinion; and (3) it was inconsistent with Plaintiff's treatment regimen. AR 31.

The ALJ further reasoned that Ms. Godec was not an acceptable medical source, and assigned "no weight" to her statement that Plaintiff is unable to work, finding that this offers an opinion on a question of disability reserved for the Commissioner of Social Security. *Id.*

In citing the inconsistency of Ms. Godec's opinion with the medical record, the ALJ has provided a germane reason for discounting her opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (explaining that the ALJ may reject lay witness testimony that is inconsistent with the medical evidence); *see also Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision).

### C. Whether the ALJ was properly appointed according to the Appointments Clause of the United States Constitution

Plaintiff, citing the United States Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), contends that the ALJ who presided over her case was an "Officer of the United States" within the meaning of the Constitution's Appointments Clause who was not constitutionally appointed consistent with that provision. Dkt. 15, pp. 12-15.

The Appointments Clause provides the exclusive means of appointing "Officers of the United States." U.S. Const., Art. II, § 2, cl. 2. While principal officers must be nominated by the President and confirmed by the Senate, Congress may vest the appointment of "inferior" officers in "the President alone," "the Courts of Law," or "the Heads of Departments." *Id.*

The Supreme Court has set forth standards for distinguishing inferior officers from employees. *See Lucia*, 138 S. Ct. at 2047 (noting that to qualify as an officer, rather than an employee, an individual must occupy a continuing position established by law and must exercise significant authority pursuant to the laws of the United States) (internal citations omitted).

In *Lucia*, the Supreme Court held that ALJs at the Securities and Exchange Commission, who receive career appointments, have the authority to take testimony, conduct trials, rule on the admissibility of evidence, and enforce compliance with discovery orders qualified as "officers" of the United States. *Id.* at 2047-48.

Defendant argues that Plaintiff forfeited her argument concerning the Appointments Clause by not raising it before the Social Security Administration. Defendant does not dispute that the holding in Lucia applies to SSA ALJs, and does not

contest that, at the time of Plaintiff's hearing, the ALJ who presided over Plaintiff's case had not been properly appointed pursuant to the Appointments Clause. Dkt. 19, pp. 8-16.

A constitutional challenge under the Appointments Clause is "nonjurisdictional"; a party may forfeit such a challenge by failing to raise it during the administrative process. *See Freytag v. Comm'r*, 501 U.S. 868, 878 (1991) (noting that Appointments Clause challenges are "nonjurisdictional structural constitutional objections"); *Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179, 1189–90 (9th Cir. 2016); *see also Lucia*, 138 S. Ct. at 2048 (quoting *Ryder v. United States*, 515 U.S. 177, 182 (1995) ("'[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief.")

To be timely raised, an Appointments Clause challenge must be raised before the administrative agency. *See Zumwalt v. Nat'l Steel and Shipbuilding Co.*, 796 F. App'x 930, 931–32 (9th Cir. 2019) (holding Appointments Clause challenge based on *Lucia* was forfeited when not raised before the Department of Labor Benefits Review Board); *Cooper v. SEC*, 788 F. App'x 474, 474–75 (9th Cir. 2019) (citing *Lucia*, 138 S. Ct. at 2055) (holding Appointments Clause challenge was barred as not timely raised when it was not raised before the SEC); *Bussanich v. Ports America*, 787 F. App'x 405, 405–06 (9th Cir. 2019) (holding Appointments Clause challenge based on *Lucia* was forfeited as not timely raised when not brought before the Department of Labor Benefits Review Board); *Kabani & Co., Inc. v. SEC*, 733 F. App'x 918, 919 (9th Cir. 2018) (holding Appointments Clause claim forfeited when not raised in briefs or before the SEC).

Here, Plaintiff's second hearing was held on March 15, 2018. AR 112-36. The Supreme Court issued its ruling in *Lucia* on June 21, 2018. *See Lucia*, 138 S. Ct. at 2044. The Commissioner ratified the appointment of SSA ALJs and approved their appointment as her own on July 16, 2018. *See* Social Security Ruling ("SSR") 19–1p, 84 Fed. Reg. 9582-02, 2019 WL 1202036 (Mar. 15, 2019).

The ALJ issued her unfavorable decision on October 17, 2018. AR 16-34. On November 26, 2018, Plaintiff submitted a request for review to the Social Security Appeals Council, and raised the issue that the ALJ was not properly appointed pursuant to the Appointments Clause. AR 592-93.

On May 25, 2019, the Appeals Council denied Plaintiff's request for review, stating that Plaintiff's Appointments Clause challenge lacked merit because the Acting Commissioner of Social Security ratified the Administrative Law Judge's appointment and approved it as her own under the Constitution. AR 1.

In a recent case, the Social Security Administration asked a court in the Ninth Circuit to grant a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) in a case where "it was not initially" clear during the litigation that Plaintiff raised her Appointments Clause argument before the Appeals Council. *Kavanaugh v. Commissioner of Social Security Administration*, No. CV-19-04771-PHX-MTL, 2020 WL 4607250, at *1 (D. Arizona, August 11, 2020).

The agency acknowledged that this was an "unusual request", but asked for it to be granted because its position has been to argue that an Appointments Clause challenge is forfeited only in those cases where a claimant did not raise the issue at some point during the administrative proceedings. *Id.*

In this case, it appears that it was similarly unclear that Plaintiff raised her Appointments Clause challenge before the Appeals Council, since neither party has addressed this in their briefs.

Under the circumstances of this case, Plaintiff raised her Appointments Clause challenge before the agency in a timely manner. Under *Lucia*, the appropriate remedy for an adjudication tainted with an appointments clause violation is a new hearing before a properly appointed official. *Lucia*, 138 S. Ct. at 2055. Further, even if the ALJ has been constitutionally appointed or receives a constitutional appointment in the future, the claim cannot be remanded to the same ALJ, as the ALJ having already issued a decision on the merits "cannot be expected to consider the matter as though he had not adjudicated it before." *Id*. To cure the constitutional error, another ALJ must hold the new hearing. *Id.* Accordingly, this case is remanded for further proceedings before a different ALJ.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she found Plaintiff to be not disabled. Defendant's decision to deny benefits therefore is therefore REVERSED and this matter is REMANDED for further administrative proceedings before a different ALJ. The ALJ is directed to directed to re-evaluate the opinions of Dr. Johansen, Dr. Sanchez, and Dr. Cunningham.

Dated this 29th day of September, 2020.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge